RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
ALEXANDRIA, LOUISIANA
DATE ___8___,___8___,___07___
BY _____

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TRAVIS J. RICHARDSON | CIVIL ACTION NO. 07-CV-0852 |
| VERSUS | JUDGE DRELL |
| TIMOTHY WILKINSON, ET AL | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Travis J. Richardson, filed on May 10, 2007, in the Middle District of Louisiana. Plaintiff's case was transferred to the Western District on May 14, 2007, and Plaintiff's Motion to Proceed in Forma Pauperis was granted on May 30, 2007. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is currently housed at the Winn Correctional Center ("WCC") in Winnfield, Louisiana. Plaintiff names as defendants Warden Timothy Wilkinson, Officer Smitty, Ms. Brenson, Nicole Walker, and an unnamed officer working Elm Key on April 6, 2007. Richardson claims that the defendants are liable for denying him access to the courts.

This matter has been referred to the undersigned for review, report, and recommendation pursuant to 28 U.S.C. § 626 and a standing order of the court. For the following reasons, it is recommended that the complaint be, **IN PART**, DENIED and DISMISSED WITH PREJUDICE for failure to state a claim for which relief can be

granted.

## STATEMENT OF THE CASE

Plaintiff complains is that he was denied access to the courts.  He asks that this Court issue a temporary restraining order transferring Plaintiff to another Department of Corrections facility that has an adequate law library and legal assistance.  He also seeks damages for emotional pain and stress, and asks that a law library be established in each housing unit at WCC, with five inmate legal assistants per housing unit.

Plaintiff alleges that he was transferred from one unit of the prison to another on April 6, 2007, but that his personal legal work was not transferred with him.  Plaintiff claims that he made a request for his legal work on April 6, but the property room supervisor, Ms. Brenson, did not respond to his request until April 24, 2007.  Plaintiff complains that this eighteen day delay prevented him from seeking review of an ARP.  Plaintiff also complains that Brenson read his legal work without permission before sending it to Plaintiff's new housing assignment.

Next, Plaintiff alleges that Officer Smitty interfered with his right to seek review of the disciplinary board conviction. Plaintiff claims that he handed his disciplinary appeal to Officer Smitty on April 10, 2007, but Officer Smitty did not turn in the document. [Doc. #1, p. 5] Plaintiff claims that this violated his right to access the courts.

2

It is further alleged that Nicole Walker, a program manager in the law library, denied Plaintiff adequate access to legal materials by allowing inmates to review only three cases per week. He complains that inmates are only allowed to review case books in the case manager's office, but the case manager leaves work at four o'clock in the afternoon and the inmates work until three o'clock in the afternoon.   Therefore, Plaintiff complains that there is insufficient time to review case books.

Finally, Plaintiff claims that he is being denied access to the courts because "inmate counsel" has a vendetta against Plaintiff and is not providing him with proper legal assistance. [Doc. #1, p.5]

### LAW AND ANALYSIS

I.   ADMINISTRATIVE PROCEDURE

Plaintiff's access to the courts complaint includes an "access to administrative remedies" claim.   Plaintiff contends that he was prevented from having his "ARP case" reviewed because he was not provided with timely access to his legal work after being moved from one cellblock to another.   Plaintiff was moved to the Cypress cellblock on or about April 6, 2007, and he did not receive his personal legal documents from his former cellblock until April 24, 2007, despite asking Ms. Brenson for the documents sooner. Plaintiff also contends that he gave Officer Smitty a disciplinary conviction appeal to "turn in or put in [the] mailbox on 4/10/07,"

3

but the officer did not submit the appeal on Plaintiff's behalf. Plaintiff claims that the actions of Officer Smitty prevented his disciplinary conviction from being reviewed.

Even if the alleged delays caused the plaintiff to miss a deadline for filing an administrative appeal of his disciplinary conviction, or otherwise prevented the plaintiff from timely appealing the denial of an administrative remedy proceeding, Plaintiff's contentions do not state a claim for which relief can be granted under §1983. There is no federal constitutional right to an administrative appeal from a prison disciplinary conviction. Additionally, inmates do not have a constitutionally protected right to a grievance procedure.[1]  "Congress requires inmates to exhaust their administrative remedies as are available… 42 U.S.C. § 1997e(a).  A prison system is not required to establish grievance

---

[1]  See, e.g., Jones v. North Carolina Prisoners Labor Union, 433 U.S. 119, 138 (1977) (Burger, J., concurring) (applauding the adoption of grievance procedures by prisons, but expressly declining to suggest that such procedures are constitutionally mandated); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994)(holding that "the Constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by a state"); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (holding prison grievance procedure does not confer substantive right on inmates; thus does not give rise to protected liberty interest under the Fourteenth Amendment); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (concluding regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988) (holding state prisoners have no legitimate claim of entitlement to grievance procedure); Reneau v. Dretke, 2006 U.S. Dist. LEXIS 6694 (D. Tex. 2006).

procedures, and inmates do not have a basis for a lawsuit because a prison system has no established grievance procedures or fails to adhere to it. 42 U.S.C. 1997e(b)." Bradford v. Kuykendall, 2005 U.S. Dist. LEXIS 32350, 2005 WL 1521016, 5 (E. D. Tex.).

When the claim underlying an administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right of access to the courts, *not* a right of access to administrative procedures. Plaintiff's right to access the courts is not compromised by the delays in pursuing administrative remedies allegedly caused by Officer Smitty or Ms. Walker. He has not been barred from pursuing a lawsuit based on his failure to administratively exhaust. Plaintiff's claims against Ms. Brenson, Officer Smitty, and the unnamed officer, regarding access to administrative proceedings should be dismissed.

II.  LEGAL DOCUMENTS

When Plaintiff was transferred to the Cypress block, his property went to the "property room supervisor," Ms. Brenson. Plaintiff claims that Ms. Brenson read through his personal and confidential legal papers without authority. He contends that Ms. Brenson's actions gave the defendants an unfair advantage in defending themselves against Plaintiff's claims, thereby interfering with his right to access the courts.

The right to access the courts assures that no person will be denied the opportunity to present to the judiciary allegations

concerning violations of fundamental constitutional rights. <u>Lewis v. Casey</u>, 518 U.S. 343 (1996); <u>Norton v. Dimazana</u>, 122 F.3d 286, 289 (5th Cir.1997). Ms. Brenson reading Plaintiff's legal documents did not prevent Plaintiff from presenting the court with allegations of constitutional rights violations. Whether Brenson read Plaintiff's paperwork has no bearing on his ability to access the court, and his claim against her should be dismissed.

III. INJUNCTIVE RELIEF

   A.   Transfer

Plaintiff seeks a court order transferring him to another Department of Corrections facility. This Court has no authority to issue such an order. A prisoner has no constitutional right, from the Constitution itself or from any protected liberty or property interest arising from state law, to be housed in any particular facility or to be transferred from one prison facility to another, even if life in one prison may be much more disagreeable than in another. <u>See Olim v. Wakinekona</u>, 461 U.S. 238, 245-46 (1983); <u>Montanye v. Haymes</u>, 427 U.S. 236, 242 (1976); <u>Meachum v. Fano</u>, 427 U.S. 215, 224-25 (1976); <u>Tighe v. Wall</u>, 100 F.3d 41, 42 (5th Cir.1996); <u>Biliski v. Harborth</u>, 55 F.3d 160, 162 (5th Cir.1995); <u>Jackson v. Cain</u>, 864 F.2d 1235, 1250 (5th Cir.1989); <u>Maddox v. Thomas</u>, 671 F.2d 949, 950 (5th Cir.1982).

Placement of state prisoners is a matter left to the discretion of state officials. The State of Louisiana, by its

6

broad discretionary statutes, has not created a protected liberty interest in being housed in a particular prison or being transferred from one prison to another. See Jones v. Stephen, 2006 U.S. Dist. LEXIS 51564, 8-9, 2006 WL 1997475 (E.D. La. 2006); Santos v. La. Dept. of Corr. Secretary, 1996 U.S. Dist. LEXIS 2331, 1996 WL 89260 (E.D.La. 1996); La.Rev.Stat. Ann. § 15:566(B); La.Rev.Stat. Ann. § 15:824(A) and (B). Plaintiff has no right to be transferred to another institution, and this Court cannot order the Department of Corrections to transfer him. Plaintiff's request for such injunctive relief should be dismissed.

B. Additional libraries

Plaintiff complains that he does not have sufficient time in the law library. He also asks that this Court order WCC to add a law library to each housing unit at WCC, and furnish each library with five inmate counsel. Plaintiff also asks this Court to provide certain guidelines and requirements for these new law libraries.

The right to access the courts requires that inmates be allowed a reasonably adequate opportunity to file non-frivolous cases challenging their convictions and the conditions of their confinement. Jones v. Greninger, 188 F.3d 322, 325 (5th Cir.1999). "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." Lewis, 518 U.S. at 355. Prison

7

officials have considerable discretion in choosing the mechanism and forms of assistance they will furnish to prisoners for the purpose of allowing prisoners to file non-frivolous legal claims. See Lewis, 518 U.S. at 356 ("Of course, we leave it to prison officials to determine how best to ensure that inmates... have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement.")  A prisoner's right to access to the courts can be satisfied through appointed counsel, access to a law library, or access to legally trained assistant. Bounds v. Smith, 430 U.S. 817, 830-31 (1977). Plaintiff has not demonstrated or alleged that the fact that WCC has only one law library prevented him from filing a non-frivolous case challenging his criminal conviction or his conditions of confinement.  As such, his claim should be dismissed.

### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's request to be transferred to another facility be **DENIED**; that Plaintiff's request that the court order WCC to build a library in each housing unit be **DENIED**; and that Plaintiff's "access to administrative remedies" claim against **Ms. Brenson** and the **unnamed officer** be **DENIED**.  It is recommended that these claims also be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

8

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _____ day of _____, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE