RECEIVED
IN ALEXANDRIA, LA
SEP 2 6 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TRAVIS J. RICHARDSON | CIVIL ACTION NO. 07-CV-0852 |
| VERSUS | JUDGE DRELL |
| TIMOTHY WILKINSON, ET AL | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Travis J. Richardson, filed on May 10, 2007, in the Middle District of Louisiana. Plaintiff's case was transferred to the Western District on May 14, 2007, and Plaintiff's Motion to Proceed in Forma Pauperis was granted on May 30, 2007. Plaintiff is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is currently incarcerated at the Winn Correctional Center ("WCC") in Winnfield, Louisiana. Plaintiff initially named as defendants Warden Timothy Wilkinson, Officer Smitty, Ms. Breson, Nicole Walker, and an unnamed officer working the Elm key on April 6, 2007. Richardson claimed that the defendants were liable for denying him access to the courts.

This matter has been referred to the undersigned for review, report, and recommendation pursuant to 28 U.S.C. § 626 and a standing order of this Court.

### FACTUAL BACKGROUND

Plaintiff's complaint was dismissed against Brenson, Smitty,

and the unnamed officer for failing to state a claim for which relief can be granted. Plaintiff was ordered to amend his complaint to provide additional information regarding his access to courts claim against Warden Wilkinson and Nicole Walker.

Plaintiff contends that Warden Wilkinson and Nicole Walker denied him the right to access the courts. Specifically, he claims that Walker, the program manager of the law library at WCC, had a policy whereby inmates could review only three cases per week in the case manager's office. Plaintiff complained that this left little time for case review and caused his motion to correct an illegal sentence to be denied.

Plaintiff also complains that "inmate counsel" at WCC has a personal vendetta against Plaintiff and will not provide him with legal assistance, thereby denying Plaintiff meaningful access to the courts.

Finally, Plaintiff contends that the Warden violated his constitutional right to access the courts. Plaintiff states that he informed the warden that "inmate counsel" refused to assist Plaintiff, and the warden did not do anything about the situation. Plaintiff also complains that the warden is liable as the supervisor of the library and Ms. Walker's supervisor.

## LAW AND ANALYSIS

Plaintiff complains that the defendants are denying him meaningful access to the courts based on his allegation that inmate

legal counsel has a personal vendetta against Plaintiff. He also complains that he does not have sufficient time to spend in the law library. In his original complaint, Plaintiff did not explicitly allege that he was prejudiced in pursuing an actionable claim. He was ordered to amend his complaint to state whether the alleged shortcomings in the law library or legal assistance program hindered his efforts to pursue an actionable claim involving a challenge to his sentence or the conditions of his confinement.

In his amended complaint, Plaintiff claims that he has been prejudiced because of the personal vendetta of "inmate counsel" against him. Plaintiff states that the failure of inmate counsel to provide him with legal assistance caused Plaintiff to be denied release from jail. He claims that he lost an application for post conviction relief because inmate counsel would not give Plaintiff proper legal assistance.

It is settled law that prisoners have a constitutional right of meaningful access to the courts through adequate law libraries or assistance from legally trained personnel. See McDonald v. Steward, 132 F.3d 225, 230 (5th Cir.1998) (quoting Bounds v. Smith, 430 U.S. 817, 828 (1977)). This constitutional guarantee does not afford prisoners unlimited access to prison law libraries. Id. Limitations may be placed on library access so long as the regulations are "reasonably related to legitimate penological interests." Id. (quoting Turner v. Safely, 482 U.S. 78, 89 (1987)).

In addition, Plaintiff possesses has no constitutional right to receive legal advice from his fellow inmates. See Shaw v. Murphy, 532 U.S. 223, 229 (2001) (prisoners do not have a "freestanding right to receive legal advice"). The Fifth Circuit has held that there is no right to give or receive legal assistance from a jailhouse lawyer independent of the right of access to the court. See Tighe v. Wall, 100 F.3d 41, 43 (5th Cir. 1996) (prisoners have no right to a particular prisoner's help in legal matters as long as the putative recipient's constitutional right of access to the courts is not infringed).

Plaintiff does not allege or tend to establish that he was prohibited from filing any non-frivolous claims while incarcerated. While confined at Winn Correctional, Plaintiff timely filed this action, including an eleven page handwritten amended complaint specifically outlining each allegation in great detail. He also speaks of an application for post conviction relief that he filed, raising twenty separate claims for relief. While Plaintiff contends that he would have succeeded on his application for post conviction relief had this other inmate provided him legal assistance, such allegation is entirely conclusory.

As for the alleged inadequacy of the law library, Plaintiff contends that the library contains old southern reporters, federal digests, and West law books. He also complains that there are only two computers available, and only inmate counsel can use the

computers. Plaintiff has not asserted that any of his pleadings were rejected because they were handwritten. In fact, Plaintiff's complaint and amended complaint in this case were handwritten and were accepted and reviewed by the Court. The lack of ability to type his pleadings did not prevent Plaintiff from filing any non-frivolous documents with the courts.

Finally, Plaintiff complains that the warden is the supervisor of the library; and, as such, he is responsible for the amount of access to the library that Plaintiff receives. Supervisory officials may be held liable only if: (1) they affirmatively participate in acts that cause constitutional deprivations; or (2) they implement unconstitutional policies that causally result in Plaintiff's injuries. See Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992), cert. denied, 508 U.S. 951 (1993). "Vicarious liability does not apply to § 1983 claims." Pierce v. Texas Dept. of Crim. Justice, Inst. Div., 37 F.3d 1146, 1150 (5th Cir.1994), cert. denied, 514 U.S. 1107 (1995). "Personal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir.), cert. denied, 464 U.S. 897 (1983). Despite his complaints, Plaintiff has not alleged facts sufficient to demonstrate either personal involvement or the implementation of an unconstitutional policy implemented by the Warden.

CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that Plaintiff's claims be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(I) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 26th day of September, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE